IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES C. GLOVER, # R-71599, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-632-MJR |
| | ) |
| STEVE GRUNER, | ) |
| and ILLINOIS DEPARTMENT of | ) |
| CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at East Moline Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Vandalia Correctional Center ("Vandalia"). Plaintiff asserts that during the course of his employment in the prison industries, his supervisor subjected him to ongoing sexual and racial harassment, as well as physical assaults. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

According to the complaint, Plaintiff worked for Defendant Gruner in the meat plant at Vandalia. Starting in December 2014, Defendant Gruner began making comments to Plaintiff of a sexual nature; this "bullying" behavior continued throughout Plaintiff's employment. Defendant Gruner's remarks included telling Plaintiff to hold his (Defendant's) genitals and to perform oral sex on him, commenting on how good Plaintiff would be at performing oral sex, and ordering Plaintiff to refer to him as "Big Daddy" (Doc. 1, pp. 5-6). At times Defendant Gruner's demeaning comments and actions took place in front of 20 or more

fellow inmates (Doc. 1, p. 26).  Defendant Gruner on one occasion took Plaintiff's I.D. card and used markers to draw female features and anatomy on his picture, then showed it to other prison staff members and inmate workers to embarrass and belittle Plaintiff.  This behavior continued through mid-April 2015, at which time Plaintiff filed a grievance against Defendant Gruner for this and other conduct.  Plaintiff's employment under Defendant Gruner's supervision "came to an end" when the grievance was filed (Doc. 1, p. 5).

Also between December 2014 and April 2015, Defendant Gruner (who is white) engaged in ongoing conduct that Plaintiff (who is African-American) describes as "racial profiling" (Doc. 1, pp. 7-8).  Defendant Gruner used the terms "gigs," "gigaboos," and "nigger" when referring to Blacks; ran around the job site shouting, "Don't shoot, don't shoot hands up," in reference to the Ferguson, Missouri shooting of a Black pedestrian by a white police officer; and made various demeaning comments regarding Black people's appearance, behavior, and desire for a "race war."  He threatened to kill Plaintiff, and told him, "Your [sic] going to make me pull a Ferguson."

Finally, Plaintiff describes several incidents of physical assault on him by Defendant Gruner (Doc. 1, pp. 8-9).  Defendant Gruner threw water in Plaintiff's face, placed him in a tight head lock, hit him with snowballs, kneed Plaintiff in the groin, sprayed him with extremely hot (over 150 degrees) water, punched him in the leg, placed his hands around Plaintiff's neck, and painfully twisted the skin on the back of Plaintiff's arm.  Despite the force used by Defendant Gruner in punching and kneeing him, Plaintiff would hold his composure and not react, in order to avoid adverse consequences.

Many of these incidents were witnessed by other inmates and prison staff. Plaintiff complained to Defendant Gruner's supervisor (who also witnessed Defendant's

behavior), but the supervisor took no action to halt the abuse. Several prison officials acknowledged that Defendant Gruner had treated other inmates similarly over the past 10-15 years. After leaving his employment at the meat plant, Plaintiff got another prison job mowing the lawn (Doc. 1, p. 15).

Plaintiff asserts claims only against Defendant Gruner,[1] seeking damages to compensate him for enduring Defendant Gruner's physical and mental abuse, and to ensure that no other inmates would be subjected to Defendant's behavior (Doc. 1, p. 26).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Gruner for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment, both for his sexual and racial verbal harassment (**Count 1**), and for his physical abuse and use of excessive force against Plaintiff (**Count 2**). Both of these claims shall receive further review.

Plaintiff's reference to his filing of a grievance, which coincided with the end of his employment at the meat plant, raises a question as to whether Plaintiff was discharged from that job in retaliation for making his complaint against Defendant Gruner. However, Plaintiff does not assert that this was the case, and states that he obtained a different job in short order. It is equally possible that Plaintiff voluntarily left his meat plant job. Based on the complaint as

---

[1] Upon docketing the case, the Clerk also listed the Illinois Department of Corrections ("IDOC") as a distinct Defendant. Plaintiff did include the IDOC in his case caption, but he did not assert any claim against the IDOC, nor did he list the IDOC as a separate Defendant when he enumerated the parties to the action (Doc. 1, pp. 1-2). Therefore, the Court concludes that the IDOC was designated as a Defendant in error, and the Clerk shall be directed to terminate the IDOC as a party.

pled, no retaliation claim is stated, and any such claim should be considered dismissed without prejudice at this time.

**Count 1 – Sexual and Racial Harassment**

Ordinarily, isolated incidents of verbal harassment do not rise to the level of a constitutional violation. "[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment." *Dobbey v. Ill. Dep't of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009). *See also DeWalt v. Carter* 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").

However, a prisoner's claim that he is being harassed by prison officials may be actionable when done maliciously. *Hudson v. Palmer*, 468 U.S. 517, 528-30 (1984) (calculated harassment without penological justification may raise Eighth Amendment claim). Defendant Gruner's relentless targeting of Plaintiff with his sexual and racial verbal harassment, as well as his actions of defacing Plaintiff's photo I.D. card, subjecting Plaintiff to public ridicule, and threatening his life, go far beyond "simple" or occasional verbal harassment. The conduct Plaintiff describes indicates that Defendant Gruner engaged in a concerted, malicious campaign to bully Plaintiff while he worked his prison job, and could certainly support a claim for unconstitutional cruel and unusual punishment. Accordingly, **Count 1** shall proceed for further review.

**Count 2 – Physical Abuse and Excessive Force**

The intentional use of excessive force by prison officials against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010);

*DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'"  *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).  An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Excessive force claims often arise against prison guards who may be attempting to enforce an inmate's compliance with an order.  This is obviously not the context of Plaintiff's claims herein, but the above precedents regarding the use of force are still applicable.  Many, if not all, of the incidents described by Plaintiff inflicted physical pain and involved more than "de minimis" force by Defendant Gruner.  Further, there is no hint of any penological justification for his physical assaults.  To the contrary, Defendant Gruner's conduct appears to have been malicious, sadistic, and part of an overall pattern of bullying that included the verbal harassment outlined in Count 1. Plaintiff may also proceed with his Eighth Amendment claims against Defendant Gruner in **Count 2**.

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

### Disposition

The Clerk is **DIRECTED** to terminate the **ILLINOIS DEPARTMENT of CORRECTIONS** as a party Defendant, as it was added in error.  The Clerk is further

**DIRECTED** to transmit a copy of the order at Doc. 6, which granted Plaintiff's motion for leave to proceed in forma pauperis, to the Trust Fund Officer at East Moline Correctional Center, pursuant to Plaintiff's request in Doc. 7.

The Clerk of Court shall prepare for Defendant **GRUNER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 13, 2015**

<u>s/ MICHAEL J. REAGAN</u>
Chief Judge
United States District Court
